JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
KASSANDRA MCGRADY, IDAHO STATE BAR NO. 8455
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAPHETH SHIPP, <br><br> Defendant. | Case No. 1:23-cr-00131-AKB <br><br> **RULE 11 PLEA AGREEMENT** |

Rev. March 2022

I.  **GUILTY PLEA**

    A.  **Summary of Terms.**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will waive Indictment and plead guilty to Counts One and Two of the Superseding Information, which both charge the Defendant with Attempted Use of Interstate Facilities to Transmit Information About a Minor, in violation of 18 U.S.C. § 2425. The Defendant will also admit the asset forfeiture allegation in the Superseding Information.

    This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the Defendant's guilty pleas, and the Defendant's full compliance with the other terms of this agreement, the Government, will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), the Indictment, and under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties will jointly recommend a sentence of 60 months on Count One and 30 months on Count Two, with the sentences to run consecutively to one another for a total sentence of 90 months.

    B.  **Oath.**  The Defendant will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

    C.  **Waiver of Indictment.**  The Defendant hereby waives the right to prosecution by Indictment, pursuant to Federal Rule of Criminal Procedure 7(b), and agrees to plead guilty to the Superseding Information as detailed herein.

II.  **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**                      1                     Rev. March 2022

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offenses charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty pleas, there will be no trial.

### III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Attempted Use of Interstate Facilities to Transmit Information About a Minor, as charged in Count One and Count Two, are as follows:

1. The Defendant knowingly initiated or attempted to initiate the transmission of information;
2. The information included the name, address, telephone number, social security number or electronic mail address of another individual who had not attained the age of 16 years;
3. The Defendant knew the other individual had not attained the age of 16 years;
4. The Defendant initiated the transmission of the information with the intent to entice, encourage, offer, or solicit a person to engage in a sexual activity for which any person could be charged with a criminal offense; and
5. The Defendant initiated the transmission of the information through the mail or a facility of interstate commerce or foreign commerce, or within the special maritime and territorial jurisdiction of the United States.

The elements of the crime of Lewd Conduct with a Minor Under Sixteen, in violation of Idaho Code § 18-1508, as referenced in Count One and Count Two of the Superseding Information, are as follows:

1. The Defendant committed an act of genital-genital, oral-genital, anal-genital, oral-anal, manual-anal, or manual-genital contact in the State of Idaho;

2. With a child under the age of sixteen years; and

3. The Defendant committed such act with the intent to arouse, appeal to, or gratify the lust or passions or sexual desires of the Defendant, of such child, or of some other person.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

B.  **Factual Basis.**  The Defendant admits the following facts are true:

On April 13, 2023, the Boise Police Department ("BPD") received a report that the Defendant had inappropriate communications with a 13-year-old female (hereinafter Minor Victim 1"). BPD interviewed Minor Victim 1 and learned that she is known to the Defendant because she is friends with his daughter who is also a juvenile. Minor Victim 1 showed BPD text messages that she had received from the Defendant on April 12, 2023. In the messages, the Defendant apologized to Minor Victim 1 for flirting with her so much and stated there is "just something about you that makes me want to chat with you." The Defendant also told Minor Victim1 she was his "favorite" and told her she was "very beautiful." Minor Victim 1 told the Defendant that she was uncomfortable with the conversation because she was 13 and he was an adult. The Defendant later told Minor Victim 1 "age is just a number."

BPD obtained consent to take possession of Minor Victim 1's cellphone to communicate with the Defendant posing as Minor Victim 1. An undercover BPD Detective (hereinafter "UC") communicated with the Defendant from April 20, 2023, to April 21, 2023, posing as Minor Victim 1. During the communications, the Defendant made statements designed to entice, encourage, offer, or solicit Minor Victim 1 to engage in sexual acts. The Defendant's statements included: "I just think u are really sexy and I love your butt to be real with you," "I am pretty big

**Plea Agreement**   3   Rev. March 2022

so I might hurt you," and "I want to show you some fun." The Defendant discussed engaging in sexual intercourse and oral sex with Minor Victim 1 and sent her pictures of his penis.

On April 20 and April 21, 2023,[2] the Defendant attempted to acquire information about Minor Victim 1 for the purpose of meeting her for sexual contact, including her location/address. On April 21, 2023, the Defendant traveled to a local gas station to meet Minor Victim 1 for sexual contact. Upon his arrival, the Defendant was arrested. After his arrest, law enforcement seized his cellphone, which was a black Samsung Galaxy cellular phone with IMEI 35054568321351.

After being read his *Miranda* rights, the Defendant agreed to answer questions. He admitted to sending text messages to Minor Victim 1 and to knowing she was only 13. The Defendant initially stated he had just flirted with Minor Victim 1 during the texts, but later admitted to sending her pictures of his penis and agreed he would have had sex with her if he had not been arrested.

The Defendant admits that an internet connection or cellular network, used to send text messages via a cellular phone, is a means and facility of interstate commerce. The Defendant further admits that during the text message communications, he attempted to get Minor Victim 1's location/address with the intent to entice, encourage, offer, or solicit her to engage in sexual activity, namely oral sex and sexual intercourse, which would be a violation of Idaho Code § 18-1508.

IV.   **SENTENCING FACTORS**

    A.   **Penalties.**  The crime of Attempted Use of Interstate Facilities to Transmit Information About a Minor, as charged in Count One and Count Two of the Superseding Information, is punishable by:

---

[2] The Defendant specifically waives any argument or defense that the charges alleged in Count One and Count Two are multiplicious.

**Plea Agreement**                4                Rev. March 2022

    1. a term of imprisonment of up to five years;

    2. a term of supervised release of not less than five years and up to life;

    3. a maximum fine of $250,000, and a special assessment of $5,100.00.

  B. **Supervised Release.**  The Court may impose a period of supervised release.  No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

  C. **Fines and Costs.**  The Court may impose a fine.  No agreement exists as to its amount.  The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

  D. **Special Assessment.**  The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing.  Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

  E. **Restitution.**  In addition to paying any forfeiture, fine, and costs imposed, the Defendant also agrees to pay, and be ordered to pay, restitution equal to the full amount of loss caused to any victim. The Defendant agrees that all monetary penalties imposed by the Court, including restitution, will be due immediately and can immediately be enforced by the Government (whether through 18 U.S.C. § 3613 or otherwise).  The Defendant agrees that the payment schedule or plan is neither the only method, nor a limitation on the methods, available for enforcing the judgment.  It is simply a schedule or plan for minimum payments.  The Defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor

the Court can consider when deciding if the Defendant has accepted responsibility under United States Sentencing Commission, guidelines manual (USSG) § 3E1.1 (Nov. 2018).

    F.    **Forfeiture.**  The Court will enter a forfeiture order as part of the Defendant's sentence.  The Defendant will immediately forfeit to the Government the property set out in:  this agreement, the charging document to which the Defendant is pleading, and any bill of particulars.  Defendant agrees that those documents provide statutory authority for forfeiture.

    1.    Additionally, Defendant agrees to forfeit the following:

    a.    Seized Property.

    1)    A black Samsung Galaxy cellular phone with IMEI 35054568321351.

    a.    <u>Forfeiture Money Judgment for Unrecovered Property.</u> The Court may impose forfeiture of a monetary sum, or money judgment, equivalent to unrecovered property including unrecovered proceeds of the offense of conviction obtained and controlled by the Defendant, property derived from or traceable to such proceeds, and/or unrecovered property the Defendant used to commit or facilitate the offense, as authorized by applicable statutes.

    b.    <u>Substitute Assets Up To the Value of Unrecovered Property Subject to Forfeiture.</u>  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the Defendant agrees to forfeit substitute assets, or any other property of the Defendant up to the value of any unrecovered property subject to forfeiture.  Post-sentencing forfeiture of substitute assets does not entitle the Defendant to resentencing.

    2.    The Defendant makes the following additional agreements and waivers related to forfeiture.

    a.    Regarding the above property, the Defendant:  (a) is the sole owner, unless otherwise set out herein; (b) hereby withdraws any claims filed in any administrative or

civil forfeiture proceeding; (c) agrees to assist fully in the forfeiture and to take all steps necessary to pass clear title to the Government; (d) will testify truthfully in any forfeiture proceeding and will not assist a third party in asserting a claim; (e) agrees to administrative or civil forfeiture, or abandonment, if the Government does not pursue criminal forfeiture; and (f) agrees that variations or errors in serial numbers or property descriptions shall not affect forfeiture.

    b.    Forfeiture is separate from all other penalties, including fines and restitution. As with other penalties, the Court will determine forfeiture at sentencing. Any stated or pleaded forfeiture amount is an "at least" amount and the Court may impose greater or additional forfeitures. The Defendant waives requirements regarding notice and pronouncement of forfeiture, including: (a) in charging documents, (b) at the change of plea hearing, (c) at sentencing, and (d) in the judgment. *See* Fed. R. Crim. P. 11(b)(1)(J), 32.2, and 43(a).

    c.    The Defendant waives all challenges and objections, on any grounds, to any forfeiture in accordance with this agreement. If this agreement is withdrawn for any reason, the Defendant waives the right to contest all administrative and civil forfeitures that began before the withdrawal. The Defendant agrees to hold the United States, its agents, and employees harmless from any claims related to seizures or forfeiture in this case or the related investigation. The forfeiture provisions of this agreement will survive the Defendant's death and bind the Defendant's heirs, successors and assigns until forfeiture is fully collected. Any forfeited property directed to victims shall not be returned even if Defendant's conviction is overturned or abated.

    d.    The District Court shall retain jurisdiction to consider and rule on forfeiture and related issues, unless a higher Court directs otherwise.

**V.**    **SEIZED PROPERTY: ABANDONMENT AND WAIVER**

The Defendant abandons, releases, and waives any interest in property seized or otherwise obtained by the Government or law enforcement in this case unless specific exceptions are noted in this agreement. Such property will be disposed of, destroyed, sold, or transferred in the Government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## VI. UNITED STATES SENTENCING GUIDELINES

A. **Application of Sentencing Guidelines.** The Court must consider the sentencing guidelines in determining an appropriate sentence under 18 U.S.C. § 3553. The Defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to this agreement and the agreement does not bind the Court's determination of the sentencing guidelines range. The Court will identify the factors that will determine that range under the relevant guidelines manual. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

1. **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

2. **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the Defendant fails to meet USSG § 3E1.1's criteria, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3. **Joint Recommendations.** The parties recommend the following terms of the Defendant's sentence:

   a. **Psycho-Sexual Assessment.** The Defendant will arrange and submit to a sex offender evaluation pursuant to 18 U.S.C. § 3552(b) upon his release from prison. The Defendant must secure this evaluation from a mental health professional certified by the Idaho Sex Offender Classification Board (see https://somb.idaho.gov/wp-content/uploads/2018/10/Evaluator-Roster.pdf). The evaluation shall follow the format for psychosexual evaluations set forth by the Idaho Sex Offender Classification Board and the Practice Standards and Guidelines for Members of the Association for the Treatment of Sexual Abusers (ATSA). The Defendant agrees to submit to all evaluation procedures at the direction of the treatment provider, including phallometry and polygraph testing if the treatment provider deems them necessary.

   b. **Waiver of Confidentiality.** The Defendant waives any right to confidentiality and agrees to allow the provider conducting the psychosexual evaluation (and any

subsequent treatment) to supply written reports to the U.S. Probation Office, the Court, and the Government.

    c. **Contact with Minors**.  The Defendant may not have direct or indirect contact with minors (children under the age of eighteen) unless approved in advance, in writing, by his probation officer. The Government does not object to the Defendant having contact with his biological children if approved by Probation.

    d. **Access to Minors**.  The Defendant will not reside or loiter within 300 feet of schoolyards, playgrounds, arcades or other places, establishments and areas primarily frequented by minors unless approved in advance, in writing, by his probation officer.

    e. **Occupational Restriction**.  The Defendant may not engage in any paid occupation or volunteer service that exposes him either directly or indirectly to minors, unless approved in advance, in writing, by his probation officer.

    f. **Restriction on Computer/Internet Use**.  The Defendant may not possess or use a computer or other electronic device connected to the internet unless approved in advance, in writing, by his probation officer.

    g. **Possession of Sexually Explicit Matter Involving Minors**.  The Defendant will not possess any child pornography, obscenity, or sexually explicit visual or text (written) material involving minors.

    h. **Polygraph Testing.**  The Defendant will participate in polygraph testing to monitor his compliance with supervised release and treatment conditions, at the direction of his probation officer and/or treatment staff.

    i. **Post-Incarceration Treatment**.  The Defendant will successfully complete any course of treatment related to his offense, as directed by his probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction

of a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). The Defendant will follow the rules of the treatment program as if they are the orders of the Court.

      j. **Search Provision**. The Defendant will be subject to a search of his person, home or vehicle, and any objects or materials (including computers and other types of electronic storage media) found therein, at the discretion of his probation officer.

      k. **Sex Offender Registration/Megan's Law/Adam Walsh Act Provision**. The Defendant has been advised, understands and agrees that the Defendant must register under the Sex Offender Registration and Notification Act, a federal law and keep that registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes his name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that federal law requires the Defendant to update his registrations not later than three business days after any change of name, residence, employment, or student status. *See* 42 U.S.C. § 16913(c). State laws may be more restrictive.

  The Defendant has been advised and understands that Idaho law requires that such registration be updated with the sheriff of the county within two working days of coming into any county; to establish permanent or temporary residence, to begin employment or to enroll as a student in an educational institution. *See* I.C. §18-8307 (4)(a). Idaho law also provides that non-residents who are required to register must do so before being employed in counseling, coaching, teaching, supervising or working with minors in any way, regardless of the period of employment.

*See* I.C. §18-8307 (4)(b). The Defendant understands that failure to comply with these obligations may subject him to prosecution for, among other things, failure to register under federal law, 18 U.S.C. § 2250, and failure to register under state law. It may also violate his supervised release.

4. **Conditional Use/Derivative Use Immunity.** As a condition of Court-mandated evaluation and treatment, the Defendant will be required truthfully to reveal his entire sexual history, including the possibility of other sexual crimes. Because full disclosure of that history is a necessary component of effective treatment, the Government agrees that the Defendant's admissions during psycho-sexual evaluation and sex offender treatment, to sexual crimes (excluding homicide) previously undisclosed to any law enforcement entity, will not be used against the Defendant in a new criminal prosecution. *See United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005); *Kastigar v. United States*, 406 U.S. 441 (1972). However, the parties agree that this use immunity and derivative use immunity is expressly conditioned upon: 1) the Defendant successfully completing sexual deviancy treatment, and 2) the Defendant not materially violating the rules of supervised release, and/or committing a sexual crime or a crime involving the sexual exploitation of children after the date of this agreement. If the Defendant fails to satisfy any of those conditions, then this use immunity provision is rescinded and the Government may use Defendant's statements against him.

5. **Downward Departure or Variance Request by Defendant.** The parties have jointly agreed to recommend a sentence of 60 months on Count One and 30 months on Count Two to run consecutively to one another. The Defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a) from that recommendation.

**VII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255**

A. **Waiver.** In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack plea, conviction, judgment, and sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction, or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

B. **Exceptions.**

1. **Direct Appeal.** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

    a. the sentence imposed by the Court exceeds the statutory maximum;

The Defendant understands that the above circumstance occurs rarely and that in most cases this agreement completely waives all appellate rights.

2. **Motion Under 28 U.S.C. § 2255.** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

XIV. **PROVIDING INFORMATION FOR THE PRESENTENCE REPORT**

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report, and agrees that the United States probation office may share all

financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## XV.     DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold,

any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## XVI. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## XVII. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B. **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the

United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XVIII. MISCELLANEOUS

A. **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on August 10, 2023.

## XIX. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

_Kassandra McGrady_                 August 9, 2023
KASSANDRA MCGRADY                 Date
Assistant United States Attorney

## XX.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney, and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_/s/ Shipp_                 8-2-2023
JAPHETH SHIPP                 Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 566 U.S. 134,

144-47 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, it is virtually certain that my client will be removed from the United States. [by virtue of pleading guilty in this case] I concur in my client's decision to plead guilty as set forth above.

_____  
ABIGAIL THIRY  
Attorney for the Defendant

_8/7/23_____  
Date